Cable First Construction Inc v. Lepetiuk Engineering Corp You are here, Mr. Trippett, for the appellee. Yes, Your Honor. Whenever you're ready. Good morning, Your Honor. May it please the Court, Louis Trippett, Higgins and Trippett, attorneys for defendant, counterclaimant, appellee, Lepetiuk Engineering Corp. Your Honor, the reason that I have asked for oral argument as the appellee, even though the appellant has submitted, is I want to urge on behalf of my client that this is a frivolous appeal. The argument that Mr. Koronta has a claim as the owner of Cable First is an argument based upon a knowing falsehood. The original complaint alleged that in paragraph 2 that John Kuwampa, a natural person, is the owner and shareholder of Cable First. We brought a motion to dismiss. We have to assume, because it's on the motion to dismiss, that that is a correct allegation. Judge Hillerstein dismisses it on the legal rounds that an owner does not have his own individual claim, but gives leave to replete. Again, in that first... Are you asking for something other than affirmance? Yes. We're asking that you consider a Rule 38 imposition of sanction as a frivolous appeal. Because we have a pattern here. Not only is the first complaint alleges he's the owner, it's verified by him, Mr. Kuwampa, as the president of Cable First. That then is repeated in the amended complaint that Judge Hillerstein allowed. That is dismissed again on the same legal grounds that an owner does not have his own individual complaint. And then we go to discovery where Mr. Kuwampa clearly testifies in his deposition multiple times that he's not an owner, he's not an officer, he's not an employee, he's a volunteer who assists his wife in the process. He confirms that at trial saying that he's not an owner. Now, you could argue that before that happened in the deposition that maybe counsel wasn't careful enough to check to see if he was an owner or was not president. But once he testifies at deposition and once he testifies at trial that he is not owner, for them to argue to this court that his claim as an owner should be restored is a claim based upon knowing falsehood. Because his client has already testified under oath that he is not. So he's done that three times, falsely claims that he's owner. Original complaint, amended complaint, and then the argument before this court. So, that's one reason for that claim that we believe that's the case. And it's not only for his individual claim that he's argued it. Even when he's arguing, even when they are arguing that Judge Hellerstein made a mistake by not admitting the document that they wanted admitted, they argued that he committed error because it was a business record that was authenticated by, and I quote, the sole managing owner, shareholder, and director. None of those things are true. And they know none of those things are true. But they've made that argument again that we have to respond to. My client has come a long way in terms of the costs involved in this litigation to get to this point. This appears to be nothing more than adding more cost to justify and argue against an argument that is clearly based upon a known falsehood by admission of their own client. So just on the procedural point, I'm just checking if I didn't recall, you didn't make an argument for under Rule 38 in your We did not. Again, we're the appellee. Right. So, looking at the rule, after a separately filed motion or notice from the court, reasonable opportunity to respond. So you're asking what us to put out in order seeking responses? Yes. Yes. Again, we're doing this as the appellee before there's any reply. And then there's no reply that's submitted. So we did not make a motion or an application before a reply, but then there's no reply given. So, yes, we could make a motion, but again, our client has borne cost to get to this point. And this is just something that's added on to them. But this court does have the power by Rule 38 to issue its own decision. Not without an opportunity to respond. Right. Right. Yes. That's what you're looking for specifically. In order to show cause in order to the appellant and appellant's counsel to show cause why a sanction should not be issued. Right. Right. Yes, Your Honor. Am I right, by the way, that Mr. Quanta testified at trial? Maybe this was in pandemic times remotely on a video call? And is that where he said, it's not me, it's my wife, and she's right here? Yes. Do you want to ask her the question? Yes. And counsel did not call her? No. Yeah. And it was not during pandemic restrictions for the trial. It was just last year. It was because of his health condition that he requested it. So Judge Hillerstein accommodated that. And he did respond when I was asking him questions about, had he reviewed these records? He says, no, my wife did and she's right here. Do you want to talk to her? And then... You have no reason to talk to her, but perhaps at that point his side of the aisle did. Right. Exactly. Exactly. But they didn't call her. As for the other claims, I think they are relatively straightforward. Judge Hillerstein found twice that there was no allegation of fraud. He found that it didn't even meet basic pleading requirements, much less the stricter higher standard of Rule 9 for fraud. And even in the appeal, again, there's no statements, much less statements of fraud that are submitted. So again, this is another argument without a basis that's being put before this court. Same argument for specific performance. Judge Hillerstein dismissed twice because they had not argued that Cable first met its contractual obligations, which now after trial... Which now has been found. So this is one of the things that I always find a little bit mysterious. When an appellant comes back and wants to revisit the dismissal of alternative ways of stating the claim when there's been a trial and the factual premises for all of those things. The promissory estoppel would turn on the same promise that was found not to have been breached in the contract claim. The specific performance would be for breach of contract whether or not specific performance should have been allowed to go forward. It seems to be moot, to say the least, when there's been a factual finding which is ultimately not challenged that there was no breach of the promise in the first place. Exactly right. To me, it's adding on to the frivolousness of the appeal. That you have a trial that's already found this and you're trying to procedurally bootstrap into the original argument. And again, as we pointed out in the brief, basically it's a cut and paste argument from the same argument made in the motions before trial. Unjudged enrichment didn't really involve a factual claim. It's just that because there is a contract, and there was admittedly a contract, there was no basis for unjust enrichment. So again, from my client's point of view, we've had him claiming three times that he's the owner when you know he's not. Three times they've claimed for fraud when there's no statements of fraud, whatever. And two times they've claimed for unjust enrichment. I do need to point out one correction in my brief, if I can. And that is on page 25, I make a reference to exhibit 6, which is another exhibit. And we incorrectly reference the trial transcript pages instead of the appendix. So on page 25, instead of appendix 80 through 88, it should be appendix 390 through 399. So if there's no other questions, I'll submit. Thank you.